Bruce I. Afran
Attorney-at-Law
10 Braeburn Dr.
Princeton, N.J. 08540
609-454-7435
bruceafran@aol.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

J.P.,                                                    **COMPLAINT**

    Plaintiff,                                Docket No:

    v.

LYNN UNIVERSITY,

    Defendant.
_____

    J.P., by her attorney, Bruce I. Afran, asserts as follows:

### PARTIES AND JURISDICTION

    1.  Plaintiff is a resident and citizen of the State of New Jersey, residing in Princeton, County of Mercer in this District.

    2.  Lynn University is a corporation operating as a private university in Florida.

    3.  The Complaint alleges violation of a federal law giving rise to a federal question under 28 U.S.C. §1331.

    4.  Jurisdiction and/or venue are properly in this District as Plaintiff resides here and Defendant annually recruits students in New Jersey at meetings it schedules at various high schools including Princeton High School where it induces students, including Princeton students,

to apply to attend Lynn University; such acts are undertaken or carried out within this District; at two of these meetings plaintiff met with Lynn University's admissions officer Paul McPhee at Princeton High School during her junior and senior years where McPhee also brought and distributed Lynn University literature.  McPhee would also go to other high schools in New Jersey each year as he told Plaintiff that New Jersey was his region for recruiting for Lynn University.

## FACTUAL BACKGROUND

5.  On or about March 8, 2017 Lynn University denied J.P. admission; earlier, on or about November 12, 2016, J.P. had received an initial denial of her request for admission from Lynn University; on or about November 16, 216 Lynn University invited J.P. to apply again and said it would reconsider its denial.  Lynn University then issued a final denial of her application for admission on or about March 8, 2017.  Lynn University's denial of her request for admission was based upon her disability; see *infra* at ¶6.

6.  J.P. has a medical condition known as Sturge-Weber Syndrome that required she undergo a hemispherectomy when she was an infant requiring the removal of the right side of her brain.  As a result she is left with only the left hemisphere that has caused disabilities in her depth and spatial perception; visual, mobility and cognitive impairment; processing deficits and other symptoms.

7.  J.P. requires accommodations in needing longer time for examinations, in reducing material seen on a blackboard to writing due to visual difficulties, she has required in high school an aide to assist with note taking and in navigating crowded high school hallways; she requires

similar accommodations in college, also including a virtual transcription service for lectures and a disabled accessible dorm room and has visual and other left-side deficits.

8. Despite these difficulties she was an excellent student at Princeton High School achieving an above average GPA of 3.6 and presently holds a GPA of 3.8 at the College of New Jersey where she is now a senior.

9. J.P. applied to Lynn University in substantial part because it was near her family in Florida and because of its hospitality major; her mother was a hospitality major in college and J.P. developed an interest in this field.

10. While in high school she had paid three visits to Lynn University and met with a student and professor and had private meetings with its recruiting officer, Paul McPhee.

11. Lynn University admissions personnel actively recruit prospective students in New Jersey and attend events in New Jersey for recruiting purposes; in 2016 J.P. was invited to attend a recruiting event by Lynn University in New Brunswick as part of its annual New Jersey recruiting activities; Lynn University's admissions officer Paul McPhee met personally with J.P. in Princeton, New Jersey as part of Lynn University's recruiting activities in this District.

12. On or about March 8, 2017 McPhee communicated with J.P. via email rejecting her application for admission. His statement of rejection stated as follows:

Hi [J.P.] [plaintiff's given name redacted],

I regret to inform you that, following your appeal, we have decided not to grant you admission to Lynn University for Fall 2017.

We have had numerous committee meetings to talk about your case and we have looked at every piece of documentation that we have received. I hope you understand that we are trying to make the most ethical decision we possibly can and given the research that we

have and the analysis that we have done on previous students, we are not sure if our academic curriculum is a good match for you at this time. I feel it is our duty as the Office of Admission to select students who we know are going to be successful here at Lynn. We do not take these decisions lightly and we hope you understand the reasoning behind it.

Best,
Paul McPhee

13. Prior to this email, McPhee had communicated with J.P.'s social worker at Princeton High School and had made extensive inquiries as to her disability, the accommodations J.P. needed in high school and as to her performance in regard to her disabilities.

14. Documentation had been sent by J.P to McPhee concerning her disability and McPhee's statement that "we have looked at every piece of documentation we have received" in his March 8, 2017 email refers to J.P.'s disability documentation that had been provided to Lynn University.

15. In addition, and/or upon information and belief, the reference in the email to "the most ethical decision we possibly can and given the research that we have and the analysis that we have done on previous students," refers to research into J.P.'s disability, that of other students and Lynn University's analysis of her disability.

16. At all times, J.P. more than satisfied the academic admission standards for Lynn University and the only reason for her rejection was her disability; J.P. had a GPA of 3.6 at Princeton High School and was accepted to other colleges including College of New Jersey, Drew University, Muhlenberg University where she was waitlisted, Gaucher College, all of

which are similar to or in excess of Lynn University's admissions standards. She is presently a senior at College of New Jersey where she has a 3.8 GPA.

17. Prior to McPhee's March 8, 2017 rejection of her appeal, Lynn University's admission representative had spoken with J.P.'s social worker at Princeton High School, Ms. Lenora Keel, and had directed his comments to J.P.'s disability and stated that "Lynn did not provide accommodations in assignments or class work"; see, *infra*, ¶18.

18. On November 14, 2016 social worker Keel reported Lynn University's comments as follows:

> Hello [ redacted ][1], I was so sorry to hear about Lynn not accepting [J.P.]. I received a call from a gentlemen from Lynn in Admissions, I can't remember his name at this point, but I'm sure he told me he had met you and [J.P.]. He also told me that he was plan [sic] on meeting with or speaking with you guys again regarding [J.P]'s accommodation needs in the classroom.
>
> When the Admissions person called me we had under a ten minute conversation. He asked me very direct questions, starting with who I was and my relationship and knowledge of [J.P.]. I told him I have been her Case manger for the 3 years at the HS. I spoke about her work ethic, her eagerness to learn, her dedication to her studies. He then asked me specific questions about her accommodations/modifications in high school. He wanted to know if she had aide assistance, classroom modifications and course work modifications. I was very cautious about how I answer his questions. I did tell him she has had the assistance of an aide due to her physical disability and to assist with note taking. He wanted to know about other accommodations and modifications such as modification of assignments and tests. I simply stated other accommodations were available as needed. He stated that Lynn did not provide accommodations in assignments or class work. At this point I was cautious in providing him any additional information. He stated that he would be contacting you and Jaclyn directly to further discuss her needs and any concerns he had. It sounds like he did not do this.

---

[1] The name of J.P.'s mother has been redacted to help preserve J.P.'s privacy in connection with her disability and and health matters. Such information will be provided to defendant's counsel upon entry of their appearance.

Selection from Email of November 14, 2016 from Lenora Keel, Princeton Regional Schools to [J.P's] mother.

19. On or about November 16, 2016, McPhee told Keel that Lynn University would "be reconsidering her [J.P.'s] application for admission".

20. Aside from the above statements and McPhee's email of March 8, 2017, no other information has been provided to J.P. to explain or set forth the basis of J.P.'s denial of admission.

21. Based upon the foregoing, J.P. was denied admission to Lynn University intentionally on the basis of her disability.

22. Lynn University is a place of public accommodation under the Americans With Disabilities Act, 42 U.S.C. §12181(7)(J).

23. Plaintiffs disability would not have caused a fundamental alteration of any service, program, or activity of Lynn University or cause undue financial and administrative burdens to defendant and, in fact, defendant has a program providing for disability accommodations to students.

24. Plaintiff would have needed only reasonable accommodations and could have provided such accommodations at her own cost if not available at Lynn University.

25. Upon information and belief Lynn University is an institution that receives federal financial assistance and is subject to Section 504 of the Rehabilitation Act.

26. In addition to the foregoing assertions, Plaintiff is a disabled person under the Americans With Disabilities Act (ADA) in that, *inter alia*, she has a known disability and/or has a disability of a body system, namely the neurological system, she is statutorily blind, has

loss of use two limbs having a permanent gait imbalance and no fine motor use of her left hand, cognitive and left side deficits, mobility and visual field deficits, she receives federal SSI disability benefits and has a physical or mental impairment that substantially limits one or more of the major life activities.

## COUNT I
### (DISABILITY DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §12101, ET SEQ., AND THE REHABILITATION ACT, 29 U.S.C. §794)

WHEREFORE, defendant Lynn University denied admission to J.P. intentionally on the basis of disability in violation of the Americans With Disabilities Act (ADA), 42 USCS § 12101, et seq., and, in particular, in violation of Title III of the ADA that, in part, forbids the denial of public services and public accommodations to otherwise qualified individuals by reason of their disability, 42 U.S.C. § 12182(a), and in violation of Section 504 of the Rehabilitation Act that provides, in part, that "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

WHEREFORE, plaintiff seeks unliquidated monetary compensatory damages, along with interest, costs of suit and reasonable attorneys fees, and injunctive relief 1) barring future discriminatory acts based upon disability and 2) directing remedial measures to ensure future compliance by defendant, along with such other relief as to the Court shall seem just and proper.

Respectfully submitted,

Bruce I. Afran,
Counsel for Plaintiff